

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1947

Hon. Jep S. Fuller
County Attorney
Jefferson County
Beaumont, Texas

Opinion No. V-110

Re: Right of County Commis-
sioners' Court to re-
cognize a union as col-
lective bargaining agent
for county employees and
to enter into a collect-
ive bargaining agreement
with said agency.

Dear Sir:

You ask us to advise whether the Commissioners'
Court of Jefferson County may enter a collective bar-
gaining agreement with an association or union and re-
cognize it as the collective bargaining agent for county
employees. Attached to your request is a copy of an
agreement between the County Commissioners' Court of
your county with Local No. 997 of the American Federa-
tion of State, County, and Municipal Employees. This
contract provides for the Union as the bargaining agent
for all county employees; for an 8 hour working day and
a 40 hour work week. "All hours worked in excess of 40
hours are to be added to the employee's vacation or the
employee to take such time off at any time that suits
the convenience of the department of his employment."
It also provides for sick leaves, vacations and obser-
vance of designated legal holidays. The contract is
for a term of one year and "shall automatically remain
in full force and effect from year to year, unless a
written notice is given, thirty days prior to expira-
tion of the year that said contract is in force, by
either party upon the other, of their intention to ter-
minate said contract or until a new agreement is mutually
agreed to by the parties herein."

The substantial question is of the legality
of the contract; of the authority of the County Commis-
sioners' Court to make such a contract.

It is axiomatic that in a government in which
the duties of all officers, as well as their powers, are

defined by written law, no power should be exercised
unless authorized by law. It is important to bear in
mind that the Commissioners' Court does not have the
same freedom of action which private employers enjoy.
Their authority is confided to them by law, and by that
law it is limited. That authority may not be delegated
or surrendered to others since it is a public trust to
be discharged by public officials as provided by law.

In the case of Mills County v. Lampasas County (1907), 90 Tex. 606, 40 S. W. 403, 404, the Supreme
Court of Texas said:

> "It is not true . . . that the con-
> stitution confers upon the Commissioners'
> Court any general authority over the coun-
> ty's business, but merely gives them such
> special powers and jurisdiction over all
> county business as is conferred by the con-
> stitution itself and the laws of the State,
> or as might be thereafter prescribed. We
> had occasion to consider this question in
> the case of Bland v. Orr (Tex. Sup.) 39 S.
> W. 558, and reached the conclusion that
> such courts could exercise only such powers
> as the constitution itself or the legisla-
> ture had specifically conferred upon them."

The Supreme Court of Texas reiterated the above
rule in Childress County v. State (1936) 92 S. W. (2d)
1011, 1016, saying:

> "The authority of the Commissioners'
> Court of Childress County to make con-
> tracts in its behalf is strictly limited
> to that conferred, either expressly or by
> fair or necessary implication, by the con-
> stitution and laws of this State."

Nor can the Commissioners' Court limit its free-
dom of contract with its employees as to the conditions
or stipulations of employment. Thus County officers who
are authorized by law to contract for the building of a
courthouse cannot delegate such authority to a private
individual.

The Commissioners' Court could not delegate
to an architect their authority to make a contract to
construct a courthouse. Russell v. Gage (1886), 66 Tex.
428, 1 S. W. 270.

Again in Headlee v. Fryer (Dallas C. A. 1919) 208 S. W. 213, error dismissed, it was held that the Commissioners' Court in contracting for the construction of a courthouse cannot make the contractor its agent with authority to parcel out the contract to others and thereby release the contractors from all liability. Such action was void because it delegated to others the court's powers of passing on the contract.

And the Supreme Court in Caro v. Palo Pinto County (1888) 71 Tex. 99, 8 S. W. 614, held that the county commissioners' court must themselves select such agents as may be necessary to assist them in the discharge of their functions when such agents exercise judgment and discretion in performance of the work assigned to them; the duty of making the selections should not be delegated; and a custom to the contrary would be unreasonable and not binding.

We find no authority in the law for a Commissioners' Court to enter a collective bargaining contract or to delegate any of its legal duties to an association or union to help determine who shall be employed, and the various contemplated provisions regulating such employment.

In the case of Congress of Industrial Organizations v. City of Dallas, (Dallas C. A. 1946), 198 S. W. (2d) 143, (error refused by the Supreme Court), the Dallas Court of Civil Appeals said:

> ". . .it should be understood at the beginning that the status of governmental employes, National, State and Municipal, is radically different from that of employes in private business or industry. This distinction has repeatedly been recognized in legislation, such as the National Relations Act by the Congress. Title 29 U.S.C.A. ch. 7, § 152, provides that the Act shall have no application to either Federal, State or Municipal employes; . . ."

> "In this connection we do not deem it inappropriate to quote the late President Roosevelt, as no one can truthfully say he was in any sense inimical to labor. In a letter to the National Federation of Federal Employees, dated August 16, 1937,

the late president is quoted as saying:

'All government employees should realize that the process of collective bargaining, as usually understood, cannot be transplanted into the public service. It has its distinct and insurmountable limitations when applied to public personnel management. The very nature and purpose of government make it impossible for administrative officials to represent fully or to bind the employer in mutual discussions with government employee organizations. The employer is the whole people, who speak by means of laws enacted by their representatives in Congress. Accordingly, administrative employees and officials alike are governed and guided, and in many instances restricted, by laws which establish policies, procedures, or rules in personnel matters.'"

While the Commissioners' Court has the right of selecting, contracting and discharging some employees, (Anderson vs. Wood, Supreme Court of Texas, 1941, 152 S. W. (2d) 1084), it cannot by direction or indirection infringe upon an elected county officer's right and duty of selecting assistants of his choice. Huntress vs. State, (San Antonio Court of Civil Appeals, C. A. 1935), 88 S. W. (2d) 636, 646.

Article 3902, Revised Civil Statutes, 1925, as amended, provides that:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the employment of his duty he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants, or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by statements showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its

order authorizing the appointment of such
deputies, assistants and clerk and fix
the compensation to be paid them within the
limitations herein described and determine
the number to be appointed as in the discre-
tion of said court may be proper; provided
that in no case shall the Commissioners'
Court or any member thereof attempt to in-
fluence the appointment of any person as de-
puty, assistant or clerk in any office. Upon
the entry of such order the officers applying
for such assistants, deputies or clerk, shall
be authorized to appointment; provided that
said compensation shall not exceed the maximum
amount hereinafter set out." (Underscoring
Ours)

Like provisions are found in the other statutes
dealing with the appointment and salaries of county emply-
ees.

Though the Commissioners' Court can, only as au-
thorized by law, limit the salaries and number of county
employees, they have no power over the naming of the indi-
viduals. Tarrant County vs. Smith, 81 S. W. (2d) 537.
The Court can assist only in the manner prescribed by law.
"The Commissioners' Court has limited jurisdiction, and
when statutory authority is given for the exercise of cer-
tain powers and the performance of certain duties, those
requirements must be strictly followed. . ." The only
authority under which a Commissioners' Court could assist
in the appointment of the deputies named in Article 3902
is the authority conferred therein, and could be executed
only in the manner prescribed in the statute. State v.
Johnson, (San Antonio C. A. 1932), 52 S. W. (2d) 110, 111.

This department in Opinion No. O-2613, approved
September 9, 1940, reached a like conclusion -- holding
that the Lower Colorado River Authority lacked the author-
ity to enter into a proposed collective bargaining agree-
ment with a labor union. A copy of that opinion is attached
hereto.

In view of what has been said above, it is the
settled rule of law in this State that the Commissioners'
Court cannot by direction or indirection infringe upon
an officer's right and duty of selecting assistants of his
choice. The responsible head of an office cannot be re-

lieved from the general duty of the supervision and control of his office in a reasonably efficient manner by placing restrictions as to whom he shall appoint nor as to the conduct of his office.

Neither can the Commissioners' Court enter into a collective bargaining agreement and recognize a bargaining agent in its relationship with employees directly under its control as distinguished from employees appointed and supervised by the other elected county officers.

## SUMMARY

The Jefferson County Commissioners' Court is not authorized to recognize a union or association as a collective bargaining agent for county employees. The statutes do not authorize the County Commissioners' Court to enter into collective bargaining agreement with a union or association of county employees when such agreement undertakes to limit the Commissioners Court's authority as to the conditions of employment, working hours, vacations, and other matters relating to such employment.

Respectfully yours,

ATTORNEY GENERAL OF TEXAS

By
    David Wuntch
    Assistant

DW:egt:wb:mmc

APPROVED MAR 31, 1947

ATTORNEY GENERAL